■ MANTLE MEN AND NAMATH GIRLS, INC., et al., Respondents, v. LCR TEMPORARIES, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on January 25, 1972, granting plaintiffs' motion for a temporary injunction, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, and the motion denied. If the allegations contained in plaintiffs' affidavits are true, they are, in effect, claiming that defendants have driven plaintiff, Mantle Men and Namath Girls, Inc., out of the temporary office personnel business (the management and operation of that business has been turned over to plaintiff, Staff Builders Temporary Personnel, Inc.). If this is so, there is no longer any need for injunctive relief as plaintiffs will be adequately protected, if they prevail, by monetary damages. At the very least, plaintiffs have not demonstrated a clear legal right to the relief sought and that they would be irreparably damaged if a preliminary injunction were not granted. (De Candido v. Young Stars, 10 A D 2d 922.) Moreover, under the circumstances outlined in the affidavits submitted at Special Term, it appears that "it would be inequitable to grant the injunctive relief given below in this case for the reason that it would 'bear heavily on the defendants without benefiting the plaintiffs'". (Forstman v. Joray Holding Co., 244 N. Y. 22, 32.) If plaintiffs are not successful in their action, the business of defendants would be irreparably damaged by the temporary injunction issued below. (John Aquino, Inc. v. Luigi Bosca & Figlia, 241 App. Div. 760.) However, in the interests of justice, the parties may settle an order hereon providing for an early trial. (See Supreme Court, New York and Bronx Counties Rules, rule 660.8 [a] [5]; 22 NYCRR 660.8 [a] [5].) Concur — Kupferman, J. P., Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of MARTIN F. SINATRA, JR., Respondent, v. PATRICK V. MURPHY, as Commissioner of the Police Department of the City of New York, Appellant.— Judgment, Supreme Court, New York County, entered on June 7, 1971, which in an article 78 proceeding brought by petitioner to review the determination of the Police Commissioner made on September 24, 1970 dismissing petitioner from the police force, modified the determination and directed petitioner's reinstatement, unanimously reversed, on the law and the facts, without costs and without disbursements, and the petition dismissed. From our examination of the record, we do not view the dismissal of petitioner as shocking to our sense of fairness, and conclude that the discretion of the Police Commissioner was not abused in imposing that measure of discipline. Concur — Kupferman, J. P., Murphy, McNally and Eager, JJ.